UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

ROBERTO HINOJOSA, JR.,

   *Plaintiff*,

v.                                                      Case No.  SA-25-CV-00559-JKP

LAKEVIEW LOAN SERVICING, LLC,
LOANCARE, LLC,

   *Defendants*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant, Lakeview Loan Servicing's (Lakeview), Motion for Summary Judgment. *ECF No. 13*. Plaintiff, Roberto Hinojosa, Jr., did not respond although he was given an extension of time to do so. Upon consideration, the Court enters this Show Cause Order requiring Hinojosa's counsel to advise him of the status of this case and file an Advisory on or before February 11, 2026.

## FACTUAL BACKGROUND

On April 16, 2021, Hinojosa executed a promissory note in favor of Nations Lending Corporation. (the "Note"). *ECF No. 13, Ex. A, ¶9; Ex. A-1*. Contemporaneously with the execution of the Note, Hinojosa executed a deed of trust ("Deed of Trust") encumbering the subject real property (the "Property"). *Id*. On June 2, 2023, Lakeview was assigned the Deed of Trust and LoanCare, LLC became the loan servicer. *Id*. at Ex. A, ¶¶ 11-12; Ex. A-3. Since February 2023, Hinojosa made no payments on the Loan. *Id*. at Ex. A-4; Ex. A, ¶ 14. On April 4, 2023,

LoanCare mailed to Hinojosa a notice of default, which Hinojosa received. *Id*. at Ex. A, ¶ 15; Ex. A-5.

On January 23, 2025, Lakeview's foreclosure counsel mailed to Hinojosa Notice of Acceleration of Maturity. *Id*. at Ex. B, ¶ 4; Ex. B-1. On February 13, 2025, Plaintiff contacted LoanCare and conducted a no document loan modification interview with the Veteran Affairs Servicing Purchase (VASP) program. *Id*. at Ex. A, ¶ 16. On February 14, 2025 LoanCare mailed Hinojosa a letter advising that his loss mitigation application was under review, and the foreclosure sale was placed on hold. *Id*. at Ex. A. ¶ 17.

On March 3, 2025, LoanCare sent to Hinojosa a letter advising him that he was approved for the VASP loan modification and provided necessary contact information at LoanCare to accept the terms. *Id*. The letter advised Hinojosa he could also choose to return the signed form on before March 18, 2025. *Id*. at Ex A. ¶ 18; Ex. A-5. In addition to the March 3, 2025, letter, LoanCare subsequently made several attempts to contact Hinojosa regarding his intent to accept the terms of the VASP program. *Id*. at Ex. A, ¶ 19. Hinojosa did not respond to any of LoanCare's multiple and varied contact attempts, and for this reason, LoanCare removed the foreclosure hold. *Id*. at Ex. A, ¶ 19. Foreclosure Counsel sent to Hinojosa a Notice of Sale stating that the Property was scheduled for the May 6, 2025, foreclosure sale. *Id*. at Ex. B, ¶ 5; Ex. B-2.

Hinojosa, who is represented by counsel, filed suit in state court on May 5, 2025, and obtained a Temporary Restraining Order to preclude the May 6, 2025, sale. Following removal, Hinojosa, through counsel, filed an Amended Complaint on June 17, 2025, and appeared at the Initial Pretrial Conference on July 18, 2025. *ECF Nos. 1, 7*. Hinojosa asserts causes of action for negligent misrepresentation, fraud by nondisclosure, and breach of contract. Lakeview filed this Motion for Summary Judgment on October 7, 2025, and, upon request, the Court granted Hino-

2

josa an extension of time to October 27, 2025, to respond. *ECF Nos. 13,14.* Hinojosa did not respond.  Now before the Court is Lakeview's unopposed Motion for Summary Judgment on all causes of action.

Due to the history of this case and Hinojosa's past participation, the Court is concerned Hinojosa's failure to respond to the Motion for Summary Judgment indicate he is not informed of the status of this case nor the pending dispositive Motion for Summary Judgment. Based upon this concern, Hinojosa's counsel is **ORDERED** to speak with Hinojosa to advise him of the pending Motion for Summary Judgment. Hinojosa's counsel must receive indication from Hinojosa whether he intends to respond to the Motion for Summary Judgment, and whether he intends to pursue this litigation.

Hinojosa's counsel is **ORDERED** to file an advisory with the Court on or before February 11, 2026, attesting to the Court that he notified Hinojosa of these matters, and informing the Court whether Hinojosa intends to respond to the Motion for Summary Judgment and whether Hinojosa intends to pursue this litigation. Should Hinojosa wish to end this litigation, counsel must file the appropriate case closing documents on or before February 11, 2026.

Plaintiff's counsel is cautioned that failure to file an Advisory or the appropriate case-closing documents on or before February 11, 2026, may result in imposition of sanctions.

It is so ORDERED.
SIGNED this 2nd day of February, 2026.

JASON  PULLIAM
UNITED STATES DISTRICT JUDGE

3