**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**


**ROBERTO HINOJOSA JR.,**

  *Plaintiff*,

**v.**                                                 **Case No.  SA-25-CV-00559-JKP**

**LAKEVIEW LOAN SERVICING, LLC,**
**LOANCARE, LLC,**

  *Defendants***.**


### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant, Lakeview Loan Servicing and LoanCare, LLC's (Lakeview Defendants), Motion for Summary Judgment. *ECF No. 13*. Plaintiff, Roberto Hinojosa, Jr., did not respond although he was given an extension of time to do so. *ECF Nos. 14,*. Upon consideration, the Motion for Summary Judgment is **GRANTED**. This case is terminated and closed. Final Judgement will enter separately.

### UNDISPUTED FACTUAL BACKGROUND

On April 16, 2021, Hinojosa executed a promissory note in favor of Nations Lending Corporation.  *ECF No. 13,* Ex. A, ¶9; Ex. A-1. Contemporaneously with the execution of the Note, Hinojosa executed a deed of trust ("Deed of Trust") encumbering the subject real property. *Id*. On June 2, 2023, Lakeview was assigned the Deed of Trust and LoanCare, LLC became the loan servicer. *Id*. at Ex. A, ¶¶ 11-12; Ex. A-3. Since February 2023, Hinojosa made no payments on the Loan. *Id*. at Ex. A-4; Ex. A, ¶ 14. On April 4, 2023, LoanCare mailed to Hinojosa a notice of default, which Hinojosa received. *Id*. at Ex. A, ¶ 15; Ex. A-5.

On January 23, 2025, Lakeview's foreclosure counsel mailed to Hinojosa Notice of Acceleration of Maturity. *ECF No. 13,* Ex. B, ¶ 4; Ex. B-1. On February 13, 2025, Hinojosa contacted LoanCare and conducted a no document loan modification interview with the Veteran Affairs Servicing Purchase (VASP) program. Id. at Ex. A, ¶ 16. On February 14, 2025 LoanCare mailed Hinojosa a letter advising that his loss mitigation application was under review, and the foreclosure sale was placed on hold. Id. at Ex. A. ¶ 17.

On March 3, 2025, LoanCare sent Hinojosa a letter advising him that he was approved for the VASP loan modification and provided necessary contact information at LoanCare to accept the terms. The letter advised Hinojosa he could also choose to return the signed form by March 18, 2025. *ECF No. 13,* Ex A. ¶ 18; *see also* Ex. A-5. In addition to the March 3, 2025, letter, LoanCare subsequently made several attempts to contact Hinojosa regarding his intent to accept the terms of the VASP program. *Id*. at Ex. A, ¶ 19. Hinojosa did not respond to any of LoanCare's multiple and varied contact attempts, and for this reason, LoanCare removed the foreclosure hold. *Id*. at Ex. A, ¶ 19. Foreclosure Counsel sent to Hinojosa a Notice of Sale stating that the Property was scheduled for the May 6, 2025, foreclosure sale. *Id*. at Ex. B, ¶ 5; Ex. B-2.

Hinojosa, who is represented by counsel, filed suit in state court on May 5, 2025, and obtained a Temporary Restraining Order to preclude the May 6, 2025, foreclosure sale. *ECF No. 1-1*. Following removal, Hinojosa, through counsel, filed an Amended Complaint on June 17, 2025, and appeared at the Initial Pretrial Conference on July 18, 2025. *ECF Nos. 7, 11*. Hinojosa asserts causes of action for negligent misrepresentation, fraud by nondisclosure, and breach of contract.

Lakeview filed this Motion for Summary Judgment on October 7, 2025, and, upon request, the Court granted Hinojosa an extension of time to October 27, 2025, to respond. *ECF No.*

*13, 14.* Hinojosa did not respond. Due to the history of this case and Hinojosa's past participation, to ensure Hinojosa's failure to respond to the Motion for Summary Judgment was not because he had not been informed of the status of this case nor the pending dispositive Motion for Summary Judgment, the Court ordered Hinojosa's counsel to speak with Hinojosa to advise him of the pending Motion for Summary Judgment and to file an advisory indicating Hinojosa's intentions in pursuit of this litigation. *ECF No. 16.*

Hinojosa's counsel filed an advisory informing the Court he made continuous efforts to communicate with Hinojosa via email, phone call, and text. *ECF No. 18.* Hinojosa's counsel informs the Court he sent all pertinent information and updates to Hinojosa, including the need to respond to Lakeview's Motion for Summary Judgment and settlement offers and requesting additional information and documents necessary to respond to Lakeview's Motion. *Id.* Provided with this Advisory, the Court will analyze the Motion for Summary Judgment as unopposed. *Id.*

**Legal Standard**

Summary judgment is appropriate if the record shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Rodriguez v. Pacificare, Inc.*, 980 F.2d 1014, 1019 (5th Cir. 1993).[1] "A fact is material only if its resolution would affect the outcome of the action." *Wiley v. State Farm Fire & Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009). A genuine dispute for trial exists if the record taken as a whole could lead a reasonable trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010). Because there must be a genuine dispute of material fact, "the mere existence of *some* alleged

---

[1] Although 2010 amendments replaced "issue" with "dispute," the summary judgment standard "remains unchanged." Fed. R. Civ. P. 56 advisory committee notes (2010 amend.).

factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 247-48 (1986).

The moving party bears the initial burden of informing the court of the basis for the motion and of identifying those portions of the record which demonstrate the absence of a genuine dispute of material fact or the appropriateness of judgment as a matter of law." *Celotex Corp.,* 477 U.S. at 323; *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 163 (5th Cir. 2006). The movant is not required to negate the elements of the nonmovant's case but may satisfy its summary judgment burden by demonstrating the absence of facts supporting specific elements of the nonmovant's cause(s) of action. *Little v. Liquid Air Corp.*, 37 F. 3d 1069, 1075, 1076 n. 16 (5th Cir. 1994).

To satisfy this burden, the moving party must provide affidavits or identify any portion of the pleadings, discovery or admissions that demonstrate the absence of a triable dispute of material fact. *Celotex Corp.*, 477 U.S. at 323; *Rodriguez*, 980 F.2d at 1019. "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014)(internal citation omitted). If the movant carries its initial burden, the burden shifts to the nonmovant to present competent summary judgment evidence showing the existence of a genuine dispute of material fact. *Matsushita*, 475 U.S. at 586-87; *see also* Fed. R. Civ. P. 56(c).

In the event the nonmovant does not respond, a court may not grant summary judgment by default. *Eversley v. MBank of Dallas,* 843 F.2d 172, 174 (5th Cir. 1988); *Morgan v. Fed. Exp. Corp.*, 114 F. Supp. 3d 434, 437 (S.D. Tex. 2015). Even if unopposed, the Court must still review the summary judgment motion to determine whether the movant satisfied its summary judgment burden and thereby shifted the burden. *Morgan*, 114 F. Supp. 3d at 437. The Court is

4

permitted to accept the summary-judgment movant's evidence as undisputed and "[s]uch undisputed facts may form the basis for a summary judgment." *Broadcast Music*, *Inc. v. Bentley*, Civil Action No. SA-16-CV-394, 2017 WL 782932, at *2 (W.D. Tex. Feb. 28, 2017); Fed. R. Civ. P. 56(e)(2). However, if the nonmovant verified the live Complaint, the Court may accept the attested facts as true. *Gordon v. Watson,* 622 F.2d 120, 123 (5th Cir. 1980); *see Estate of Newton ex rel. Newton v. Grandstaff*, No. 3:10-cv-809-L, 2012 WL 3013929, at *2 (N.D. Tex. July 20, 2012).

In determining the merits of a motion for summary judgment, a court has no duty to search the record for material fact issues or to find a party's ill-cited evidence. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). In addition, a court may not make credibility determinations or weigh the evidence and must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000); *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).

**Analysis**

A.    NEGLIGENT MISREPRESENTATION

Hinojosa alleges LoanCare made negligent misrepresentations regarding his acceptance into the VASP program by failing to advise him that he was approved for the program, failing to provide documents to execute, and advising him that verbal acceptance was permitted. *ECF No. 7*, ¶ 34-36. Hinojosa alleges that LoanCare advised that it would contact Hinojosa upon determination of his acceptance into the VASP program. *Id.*

To prevail on a negligent misrepresentation claim, Hinojosa must provide evidence

that establishes: (1) the representation is made by a defendant in the course of his business, or in a transaction in which defendant has a pecuniary interest; (2) the defendant supplies "false information" for guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers a pecuniary loss by justifiably relying on the representation. *Scott v. Wells Fargo Bank, N.A.*, No. 4:11-cv-600, 2013 WL 5450600, at *8 (E.D. Tex. Sept. 30, 2013). The misrepresentation "must be one of existing fact, not a promise of future conduct." *Alexander v. Grand Prairie Ford, L.P.*, No. 3:02-cv-1561, 2007 WL 1576260, at *6 (N.D. Tex. May 31, 2007); *New York Life Ins. Co. v. Miller*, 114 S.W.3d 114, 125 (Tex. App. – Austin 2003, no pet.). A promise to do or refrain from doing an act in the future is not an actionable negligent misrepresentation because the promise does not contain an existing fact. *Miller v. CitiMortgage, Inc.*, 970 F. Supp. 2d 568, 585 (N.D. Tex. 2013); *see also Pennell v. Wells Fargo Bank,* 507 Fed. App'x. 335, 338 (5th Cir. 2013)(upholding the same Mississippi law).

The summary judgment evidence the Lakeview Defendants provide establishes Hinojosa cannot establish this cause of action as a matter of law. The Lakeview Defendants provide summary judgment evidence showing that on March 3, 2024, LoanCare mailed to Hinojosa a letter stating that he may qualify for the VASP program and the steps necessary to accept the terms of the program. *See ECF No. 13*, Ex. A, ¶ 18; Ex. A-5. Additionally, LoanCare attempted to contact Hinojosa via telephone on March 10, 2025, March 13, 2025, March 17, 2025 March 20, 2025, March 24, 2025, March 27, 2025, March 31, 2025, and April 3, 2025. LoanCare additionally attempted to contact Hinojosa via email on March 31, 2025. *Id.*

This summary judgment evidence establishes LoanCare employed several methods to alert Hinojosa of his potential qualification into the VASP program, and Hinojosa failed to

respond. Based upon this unopposed evidence, Hinojosa cannot establish a negligent misrepresentation cause of action as a matter of law. Further, Hinojosa cannot show the alleged negligent misrepresentation was one of existing fact, not a promise of future conduct. *See Alexander*, 2007 WL 1576260, at \*6.

Upon this showing, the burden shifts to Hinojosa to raise a genuine dispute of material fact; however, Hinojosa does not respond to the Motion for Summary Judgment. Because Hinojosa fails to respond to present any dispute, such undisputed facts may form the basis for summary judgment. *See Broadcast Music*, *Inc.,* 2017 WL 782932, at \*2. Accordingly, Lakeview satisfied its burden to establish entitlement to summary judgment as a matter of law on this cause of action.

**B.      FRAUD BY NON-DISCLOSURE**

Hinojosa asserts a cause of action for fraud by non-disclosure in connection with his allegation that Lakeview failed to disclose the status of his VASP application. *See* Compl. ¶37-10.

This cause of action imposes liability on a party who has a duty to disclose certain information and fails to disclose it. *Bombardier Aerospace Corp. v. SPEP Aircraft Holdings, LLC*, 572 S.W.3d 213, 219 (Tex. 2019). To establish fraud by non-disclosure, a plaintiff must prove (1) the defendant deliberately failed to disclose material facts; (2) the defendant had a duty to disclose such facts to plaintiff; (3) the plaintiff was ignorant of the facts and did not have an equal opportunity to discover them; (4) the defendant intended the plaintiff to act or refrain from acting based on non-disclosure; and (5) the plaintiff relief on the non-disclosure which resulted in injury. *Id*. at 219-20.

Pertinent to the second element of this cause of action, absent a confidential or fiduciary relationship, a party holds no duty to disclose material facts exists. *Id*. No such relationship exists

7

between lender and borrower. *Williams v. Countrywide Home Loans, Inc.*, 504 F.Supp.2d 176, 192 (S.D. Tex. 2007) (collecting cases). Hinojosa does not plead and cannot provide any evidence that establishes a confidential or fiduciary relationship between himself and lakeview such that a duty to disclose would arise.

Upon this showing of the undisputed facts and the lack of a fiduciary or confidential relationship, Lakeview satisfies its summary judgment burden to show it is entitled to summary judgment as a matter of law. The burden shifts to Hinojosa to raise a genuine dispute of material fact to avoid summary judgment; however, Hinojosa does not respond to the Motion for Summary Judgment. Because Hinojosa fails to respond to present any dispute, such undisputed facts may form the basis for summary judgment. *See Broadcast Music*, *Inc., 2017 WL 782932, at *2*. Accordingly, the Court will grant summary judgment on this cause of action.

## C.    BREACH OF CONTRACT

Hinjosa alleges Lakeview breached paragraph 22 of the Deed of Trust by failing to provide him with the required notices, specifically, the notice of acceleration, notice of default, and notice of foreclosure sale. *See ECF No. 7 ¶ 43-45*.

Under Texas law, to establish a cause of action for breach of contract, a plaintiff must show: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of contract by the defendants; and (4) damages resulting from the breach. *Villarreal v. Wells Fargo Bank, N.A*., 814 F.3d 763, 767 (5th Cir. 2016); *Valero Mktg. & Supply Co. v. Kalama Int'l*, 51 S.W.3d 345, 351 (Tex. App-Houston [1st Dist.] 2-11, no pet.).

### 1.    Breach of the Loan Agreement

The Lakeview Defendants present summary judgment evidence showing it sent these notices to Hinojosa as required under the Deed of Trust. *ECF No. 13*, *Ex. A-4* (including Plaintiff's signature for the document on the certified mail receipt); *ECF No. 13, Ex. B-1-B-2*

(Notice of Acceleration and Notice of Sale). Based upon this evidence that Lakeview sent the required notices in accordance with the Deed of Trust and Texas Property Code, the burden shifts to Hinojosa to present a genuine dispute of material fact on this element. Hinojosa does not respond, and therefore, summary judgment may be based upon these undisputed facts.

### 2. Hinojosa's Performance Under the Loan Agreement

Generally, under Texas law, "reciprocal promises in a contract . . . are presumed to be mutually dependent and the breach of one will excuse the performance of the other." *Mahmoud v. De Moss Owners Ass'n, Inc.*, 865 F.3d 322, 328 (5th Cir. 2017) (citing *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990)). Consequently, as a general rule, when a plaintiff failed to perform a duty under the contract, such as the duty to pay his mortgage, he cannot maintain a breach of contract action. *Maples v. Barrett Daffin Frappier Turner & Engel, LLP In Rem Only*, 4:18-CV-875, 2019 WL 6333989, at *10 (E.D. Tex. Oct. 31, 2019), report and recommendation adopted sub nom., 2019 WL 6311022 (Nov. 25, 2019). However, if reciprocal promises in a contract are independent, the breach of one does not necessarily relieve another party of their performance obligations. *Williams v. Wells Fargo, Bank, N.A.*, 884 F.3d 239, 245 (5th Cir. 2018); *Shastry v. U.S. Bank Nat'l Ass'n*, 3:16-CV-3335, 2018 WL 4627132, at *8 (N.D. Tex. July 27, 2018), report and recommendation adopted, 2018 WL 4090426 (Aug. 27, 2018); *46933, Inc. v. Z & B Enters., Inc.*, 899 S.W.2d 800, 807 (Tex. App. - Amarillo 1995, writ denied). Thus, a party in default on a contract might still be able to establish a breach of contract claim if the reciprocal promises in the contract are independent. *Williams v. Wells Fargo, Bank, N.A.*, 884 F.3d at 245.

The Fifth Circuit provides direction for determination whether the parties' obligations are independent in the context of mortgage promissory notes, holding a borrower's obligation to make monthly payments under a promissory note is independent of a lender's obligations in the event of a default. *See Williams v. Wells Fargo, Bank, N.A.*, 884 F.3d at 245. In establishing this rule in this specific context, the *Williams* Court reasoned that if a mortgage holder's obligation to

9

provide notice in the event of default can always be excused by pointing to the debtor's default, the notice terms have no meaning, and the debtor would have no right of recourse. *Id*. As determined by the *Williams* Court, when a borrower asserts a breach of contract claim against a loan holder for failure to provide notice of default or notice of loan acceleration as required in the subject contract, the fact that the borrower is in default does not, alone, preclude the borrower's breach of contract claim. *Williams v. Wells Fargo, Bank, N.A.*, 884 F.3d at 245; *Thomas v. Wells Fargo Bank, N.A.*, No. 4:17-CV-2070, 2018 WL 1898455, at *3 (S.D. Tex. Apr. 20, 2018).

Following this guidance, in cases such as this one, a mortgage holder cannot rely on the debtor's default, alone, to dispel a breach of contract cause of action, but must also establish satisfaction of its own independent contractual obligations to provide notice of default and acceleration. *Id*. When presented in the summary-judgment context, to satisfy its summary-judgment burden, the mortgage holder must provide evidence showing the debtor is in default, and it provided proper notice of default. If it satisfies this burden, to defeat summary judgment, the debtor must present evidence which raises a genuine dispute of material fact whether it is in default or whether the mortgage holder satisfied its obligation to provide notice of default or acceleration.

Lakeview presents evidence establishing Hinojosa breached the Loan Agreement by failing to make any payments on the Loan Agreement since February 1, 2023. *See ECF No. 13, Ex. A, ¶ 14*. The current unpaid balance of the Loan is $239,063.44. *Id., at ¶ 20*. Lakeview presents summary judgment evidence showing it provided notice of default to Hinojosa pursuant to the terms of the Loan Agreement. Upon this showing, Lakeview satisfied its summary judgment burden of proof to prevail on the breach of contract cause of action, and the summary-judgment burden shifts to Hinojosa to raise a genuine dispute of material fact whether he was in default or whether Lakeview satisfied the notice obligations required under the terms of the loan Agreement. Hinojosa does not respond, and therefore, summary judgment may be based upon these undisputed facts.

**D.      DECLARATORY OR INJUNCTIVE RELIEF**

Hinojosa seeks declaratory relief.

A request for declaratory judgment is remedial in nature and dependent upon the assertion of viable causes of action. *Collin County, Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 170-71 (5th Cir. 1990); *James v. Wells Fargo Bank, N.A.*, CIV.A. H-14-0449, 2014 WL 2123060, at *8-9 (S.D. Tex. May 21, 2014). Because this Court determined summary judgment is appropriate on all of Hinojosa's asserted causes of action, his request for declaratory judgment must be dismissed. *Davis v. Bank of America*, No. 3:11-CV-3276, 2012 WL 7679452, at *4 (N.D. Texas July 6, 2012); *Kazmi v. BAC Home Loans Servicing, Inc.*, 2012 WL 629440, at *15 (E.D. Tex. Feb. 3, 2012); *Deranchesi v. Wells Fargo Bank, NA.*, 837 F. Supp. 2d 616, 626-27 (N.D. Tex. 2011).

Similarly, Hinojosa's additional requests for award of attorney fees must be dismissed because he failed to assert a viable cause of action that would support this relief. *Green Int'l, Inc. v. Solis,* 951 S.W.2d 384, 390 (Tex. 1997).

### Conclusion

For the reasons stated, the Lakeview Defendants' Motion for Summary Judgment is **GRANTED**.

The Clerk of Court is DIRECTED to close this case.

Final Judgement will issue separately.

It is so ORDERED.
SIGNED this 18th day of February, 2026.

JASON  PULLIAM
UNITED STATES DISTRICT JUDGE

12